HARDY, &c.
vs
McNEIL.

---

## Hardy, &c, vs McNeil.

### ERROR TO THE KNOX CIRCUIT.

*Case. Pleadings. Mill dams.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS action on the case was brought by Hardy and Swobe against McNeil, to recover damages for the erection of a dam on the Cumberland river, to such a height as to throw the water back upon the dam and mill of the plaintiffs, in the course of being erected above, and on which they had expended large sums of money and much labor, under an order of the Knox County Court, whereby their mill seat and work and labor and money expended, &c., were rendered of no value. The defendant demurred to the declaration and also pleaded in substance, that the privilege of erecting his mill and dam, was granted to him by the order of the Knox County Court, in January, 1846; that in virtue thereof, he had erected his mill and dam as he lawfully might do, and that the plaintiffs, at the time of establishing defendant's mill, had no title, in law or equity, to the land

CASE.

Case. 110.

June 28.

Case stated.

HARDY, &c.
*vs*
McNEIL.

One who has the grant of a privilege to build a mill upon a stream, cannot exceed the terms of that privilege to the prejudice of the owners of land above or those who may purchase from such owners.

on which their mill is erected. The plaintiffs demurred to this plea, and the Court having sustained the demurrer to the second count of the declaration and overruled the demurrer to the plea, a judgment was rendered against the plaintiffs, of which they now seek a reversal.

Conceding that the plea shows that the mill of the defendant was established by *order of Court*, before that of the plaintiffs, it certainly does not show expressly or by inference, that the defendant had erected his dam no higher than by the order granting the privilege, he was allowed to do; and, therefore, it does not excuse or justify the admitted injury to the mill and dam of the plaintiffs, occasioned by the defendant's act. Nor is the cause of complaint avoided by the averment that at the time of the establishing of the defendant's mill, the plaintiffs had no right to the land on which their mill is erected. The plaintiffs had a right, after the grant of the privilege to the defendant, to purchase a mill site and obtain and exercise the privilege of building a mill above, on the same stream. In doing so they occupied the same attitude as their vendor, the previous owner, would have done if he had obtained the privilege after the grant to the defendant. And as the prior grantee has, by the grant, no right or privilege beyond the terms of the grant, if he should exceed those terms he is liable for the consequent injury to any individual affected thereby, and certainly to the subsequent grantee of a similar privilege, who has a right to base his own proceedings upon the assumption that the prior grantee will not exceed his privilege. The plea does not present the case of the actual erection of the defendant's dam to its present height before the plaintiffs obtained their privilege, and much less of such a continued use and possession as might give a right even without or beyond the privilege granted. It attempts a justification under a grant of privilege from the County Court, and as it neither shows that the grant was unrestricted as to the height of the dam, nor that the restriction, if there was one, was not exceeded, it fails

to make out a defence, and should, therefore, have been adjudged bad on the demurrer.

These views also establish the conclusion that the second count of the declaration is sufficient, since it shows that the grant to the defendant was upon condition that his dam should not be raised so high as to interfere with a certain ford; that on the faith of this condition, the plaintiffs obtained the privilege and proceeded to erect their mill and dam above; and that the defendant has, in fact, raised his dam so high as to interfere with the said ford, whereby the water is thrown back upon plaintiffs' mill, &c. We are of opinion, therefore, that the Court erred in sustaining the demurrer to the second count of the declaration, and in overruling the demurrer to the second plea.

Wherefore, the judgment is reversed and the cause remanded, with instructions to overrule the demurrer to the declaration and to sustain the demurrer to the second plea of the defendant, and for further proceedings.

*F. Ballinger* for plaintiff.

A declaration in case for raising a mill dam so as to violate the condition upon which the privilege to erect it was granted, by which the plaintiff was injured, is good.